KUHN, J.,
dissents and assigns reasons.
Iil disagree with the result reached by the majority in this matter. Specifically, I disagree with the conclusions that:
(1) a motion to modify guardianship has never been filed in this case;
(2) there was no statute providing for a modification of guardianship prior to the enactment of La. Ch.C. art. 724;
(3) La. Ch.C. art. 724(B) created an entirely new right to modify a guardianship; and
(4) La. Ch.C. art. 724(A), which is procedural in nature, cannot be applied retroactively because it is not severable from the remaining subsections of that article.
The motion filed by the State was labeled as a “Motion to Modify Disposition,” rather than as a “Motion To Modify Guardianship.” Nevertheless, the substance of the motion constituted a motion to modify the guardianship because, in fact, the granting of the guardianship was the disposition chosen by the juvenile court in accordance with La. Ch.C. art. 681(4). The disposition *1206 and the guardianship were not two separate things but were one and the same thing in this instance. Thus, by seeking to modify the disposition, the State by necessity was seeking to modify the guardianship (the only disposition in this matter), regardless of how it labeled its motion.
Further, the conclusion that there was no statutory authority to modify a guardianship prior to the adoption of Article 724, such that this provision created an entirely new right to modify guardianship, is incorrect. Article 724 was adopted in 2011 to deal in more specific detail with the modification of guardianships. | ^However, even prior to its adoption, a right existed to modify guardianships under the rules applicable to the modification of dispositions in general, since guardianship is one of the specific dispositions authorized by Article 681. See La. Ch.C. arts. 714-717; State ex rel. E.F., Jr., 10-1185 (La.App. 1st Cir.10/29/10), 49 So.3d 575, 585 (noting that where the disposition ordered by the juvenile court was the grant of guardianship of a minor child to his godparents, the child’s parents had the right to file a motion to modify that disposition).
The conclusion that Article 724(A), requiring the juvenile court to retain jurisdiction over the modification of a guardianship until the child is eighteen, is procedural in nature is correct. However, the additional conclusion that subsection (A) cannot be applied retroactively because it cannot be severed from the remaining subsections of Article 724 is incorrect. See La. C.C. art. 6; La. R.S. 24:175. To the contrary, subsection (A) meets the test for severability (assuming arguendo that the other subsections are substantive and cannot be applied retroactively) in that it is not so interrelated and connected to the remaining subsections that it is inseparable from them without destroying the Legislature’s intent in passing the statute. See State v. Powdrill, 95-2307 (La.11/25/96), 684 So.2d 350, 356.
Moreover, the circumstances that the Department of Social Services closed its file in this case and that the State dismissed the motion to modify the disposition did not have the effect of terminating the guardianship. Despite the fact that there was no motion concerning the guardianship pending before the juvenile court, the disposition ordering the guardianship remained in force and will do so either until a court modifies or terminates it or the child reaches eighteen. The issue of custody cannot be considered until the underlying issue of whether the guardianship should be terminated or modified is first addressed. Thus, the pertinent question is which |scourt has the jurisdiction to decide the issue of the continued existence of the guardianship. To say that the civil district court has jurisdiction ignores the subsequent adoption of Article 724(A), which now requires the juvenile court to retain jurisdiction over the modification or termination of a guardianship until the child is eighteen.
For these reasons, Article 724(A) is applicable in the instant case and the juvenile court erred in relinquishing jurisdiction of this matter to the civil district court. Accordingly, I respectfully dissent.